IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE UNITED STATES OF AMERICA | * |
| Plaintiff | * |
| | * Civil No. 97-1016(SEC) |
| v. | * |
| THE ESTATE OF RAFAEL ORLANDO GONZALEZ FRANCO | * |
| Defendant | * |

## OPINION

Pending is B.L. Investment's motion to set aside judgment and a request for stay of the proceedings. **(Docket #32)**. For the reasons set forth below, the motion will **GRANTED**.

**Discussion**

This is a foreclosure of mortgage action filed pursuant to 28 U.S.C. § 1345, and a judicial sale of the property subject to this action was held on April 4, 2001. At the judicial sale, B.L. Investments was the highest bidder at $37,000.00.

Shortly after the sale, the United States filed a motion to set aside the sale because the United States Marshal Deputy used an incorrect minimum bid. **(Docket #29)**. After reviewing the United States' motion, the Court granted Plaintiff's request and ordered the funds to be reimbursed to the successful bidder. In addition the Court ordered the issuance of a new writ of execution of judgment. **(Docket #30)**. Said writ was issued **(Docket #31)**

**Civil No. 97-1016(SEC)**   2

and another judicial sale has been announced for October 10, 2001. **(Docket #33).**

In their motion, B.L. Investments argues that the United States' motion to set aside the judgment, and the Court's subsequent order should be vacated because the referenced motion was not notified to B.L. Investments in accordance with Local Rule 311(3), which states:

> [t]he movant and respondent shall serve copies of their respective papers upon all parties on or before the date that they are filed with the Clerk, and such papers must indicate the date and method of service. The certificate of service shall indicate the date, method of service and the names and addresses of all persons or firms served.

In the case at bar, the Court agrees with B.L. Investment, Inc. that they were an interested party in this litigation based on the fact that they had successfully bid on the parcel during the April 4, 2001 judicial sale. Moreover, the Court finds that the United States' motion to set aside the sale lacks the proper certificate of service in accordance with Local Rule 311(3). This lack of notification surely hindered B.L. Investments' ability to protect its interest in this litigation by filing a timely opposition to Plaintiff's motion.

### Conclusions

In light of the foregoing discussion, the Court hereby orders the following:

1. **The Court's June 18, 2001 Order setting aside the sale of the property (Docket #30) is VACATED.**

2. **These proceedings, including the scheduled October 10, 2001 judicial sale are STAYED.**

AO 72A
(Rev.8/82)

Civil No. 97-1016(SEC) 3

3. Plaintiff is Ordered to respond to B.L. Investments' legal argument, to wit: that no prejudice was caused to the estate or any other party by way of the prior judicial sale. Said response is due by October 10, 2001.

**SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of ~~September~~ Oct., 2001.

SALVADOR E. CASELLAS
United States District Judge